IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET COSTELLA, | : CIVIL ACTION NO. 1:12-cv-1506 |
|   Plaintiff | : JURY TRIAL DEMANDED |
| v. | : HON. JOHN E. JONES, III |
| CENTER FOR SCHOOLS AND COMMUNITIES and CENTRAL SUSQUEHANNA INTERMEDIATE UNIT, | : **ELECTRONICALLY FILED** |
|   Defendants | |

**BRIEF IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL**

Defendants Center for Schools and Communities ("CSC") and Central Susquehanna Intermediate Unit ("CSIU"), by their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, respectfully submit this brief in support of their Motion for Partial Dismissal of Plaintiff's Complaint.

**I.    PROCEDURAL HISTORY.**

Plaintiff Janet Costella commenced a civil action against CSC and CSIU by Writ of Summons filed in the Court of Common Pleas of Cumberland County, Pennsylvania, on March 16, 2012, at Case No. 12-1707. After the Cumberland County Prothonotary issued a Rule to File, Plaintiff filed a Complaint against CSC

and CSIU on July 12, 2012. Defendants filed a Notice of Removal of Plaintiff's civil action to this Court on August 3, 2012 (Doc 1). Defendants filed a Motion for Partial Dismissal of Plaintiff's Complaint on August 10, 2012, pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Doc 2). This brief is being submitted in accordance with Middle District Local Rule 7.5.

## II.     STATEMENT OF RELEVANT FACTS.

CSIU is a regional educational service agency which provides various educational services to seventeen public school districts, three career and technical centers and 71 nonpublic schools located in Columbia, Montour, Northumberland, Snyder and Union counties in central Pennsylvania. CSC is a division of CSIU. At all relevant times, Plaintiff was an employee of CSIU who worked as an administrative assistant for CSC at its facility in Camp Hill.

Plaintiff, in her Complaint, asserts claims under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq. (the "ADA") against CSIU (Count 1) and CSC (Count 2). Plaintiff seeks, among all relief requested, the recovery of punitive damages under the ADA against CSIU and CSC. Plaintiff also asserts claims under the Pennsylvania Human Relations Act, 43 P.S. §§951-963 ("PHRA"), against CSC (Count 3) and CSIU (Count 4). Plaintiff likewise seeks the recovery of punitive damages under the PHRA against CSIU and CSC. Count 5 of Plaintiff's Complaint purports to set forth a separate

cause of action for punitive damages, presumably based upon Defendants' alleged violations of the ADA, PHRA, or both.

By their Motion for Partial Dismissal, Defendants request an Order: (1) dismissing all claims asserted against CSC; (2) dismissing all claims for punitive damages against CSIU (and CSC); and (3) dismissing any claims Plaintiff may have asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII").

### III. QUESTIONS PRESENTED.

**A. Whether Plaintiff's claims against CSC should be dismissed, as CSC is a division of CSIU and not a separate entity?**

**B. Whether Plaintiff's claims for punitive damages under the ADA and the PHRA should be dismissed, as such damages cannot be recovered as a matter of law against CSIU?**

**C. Whether Plaintiff's claims under Title VII, if any, should be dismissed, as Plaintiff has failed to exhaust her administrative remedies under Title VII, and there are no claims of discrimination or retaliation in Plaintiff's Complaint that fall within the purview of Title VII?**

**Suggested Answer to All Questions: Yes.**

### IV. LEGAL STANDARD.

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of a complaint based upon lack of subject-matter jurisdiction. "A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of plaintiff's complaint" and is "considered an appropriate vehicle when the plaintiff has failed

to exhaust administrative remedies that are a prerequisite to his suit." Rife v. Borough of Dauphin, 625 F. Supp.2d 212, 217 (M.D. Pa. 2008).

Fed. R. Civ. P. 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint for failure to state a claim upon which relief may be granted. The purpose of a 12(b)(6) motion is to test the legal sufficiency of the complaint and to "streamline litigation by dispensing with needless discovery and fact finding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). Thus, a court must dismiss plaintiff's claims where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Further, a complaint may be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" See Odom v. Erie Ins. Exchange, 2008 U.S. Dist. LEXIS 100303, *2-3 (W.D. Pa. Dec. 10, 2008); (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (stating that the decision in Twombly "expound[s] the pleading standard for 'all civil actions'"). Indeed, the United States Supreme Court has equivocally determined that the pleading standard under Fed. R. Civ. P. 8 demands more than an "unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. Moreover, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will

not do." Ibid. Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" Ibid. (citing Twombly, at 557); see also Evancho v. Fisher, 423 F.3d 347, 351 (3d. Cir. 2005) (citing In Re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d. Cir. 1997)) (stating that "a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss").

V.     ARGUMENT.

   A.     **Plaintiff's claims against CSC should be dismissed, as CSC is a division of CSIU and not a separate entity.**

Although Plaintiff physically worked at the CSC facility in Camp Hill, at all relevant times she was an employee of CSIU. See e.g. Plaintiff's Complaint, ¶74. Further, and as noted, CSC is merely a division of CSIU, not a separate entity unto itself, and CSC thus lacks the capacity to be sued under Fed. R. Civ. P. 17(b). See Shilling v. Brush, 2005 U.S. Dist. LEXIS 33912, at *9 (M.D. Pa. Aug. 26, 2005) (citing Johnson infra).

In a somewhat analogous context, in Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993), the plaintiffs brought a claim under 42 U.S.C. §1983 against numerous defendants, including the City of Erie and its police department. The City moved to dismiss plaintiffs' claims against the police department on grounds that it had no corporate identity separate from the City, and was not a person subject to jurisdiction of civil rights statutes. The court agreed with the

City's position, reasoning ; "While *Monell* clearly holds that a local government is a person subject to suit, we reject plaintiffs' argument that each governmental sub-unit or department is a person distinct from the government at large."  Thus, the court concluded:  "As a sub-unit of the City of Erie government, we find the police department an improper and unnecessary party to this action and will grant the motion to dismiss the department."  Id. at 878-79.

Likewise here, CSC is an improper and unnecessary party, as Plaintiff's employment-based discrimination claims under the ADA and the PHRA are more appropriately directed to CSIU, her actual former employer.  Moreover, dismissing the claims against CSC will simplify the litigation in a way that does not cause any prejudice to Plaintiff.  Cf. Blunt v. Lower Merion Sch. Dist., 2008 U.S. Dist. LEXIS 11918, at *46-47 (E.D. Pa. Feb. 15, 2008) ("In eliminating the redundant claims against individually named persons, the court is merely simplifying the litigation in a way that does not cause any prejudice to plaintiffs.").

**B.     Plaintiff's claims for punitive damages under the ADA and the PHRA should be dismissed, as such damages cannot be recovered as a matter of law against CSIU.**

Punitive damages are not available under the ADA against government entities.  See 42 U.S.C. §1981a(a)(2) and (b)(1); Doe v. County of Centre, 242 F. 3d 437, 457 (3rd Cir. 2001).  CSIU, like all intermediate units in Pennsylvania, is a government entity.  See 24 P.S. §9-951 et seq.; Boyanoski v. CAIU, 215 F. 3d 396,

6

398 (3rd Cir. 2000) ("The CAIU is a governmental entity operating under Pennsylvania's public school laws. Intermediate units ("IUs") are part of the state's public school system and operate service programs that are open to the local public school districts assigned to each intermediate unit."). Further, punitive damages are not recoverable under the PHRA. See Gagliardo v. Connaught Labs., 311 F. 3d 565, 570 n. 3 (3rd Cir. 2002); Hoy v. Angelone, 554 Pa. 134, 146 (1998).

Significantly, this Court previously held that punitive damages may not be recovered against CSIU under the ADA or PHRA. See Scicchitano v. CSIU, 2009 U.S. Dist. LEXIS 119112 at *6 (M.D. Pa. Dec. 22, 2009) ("[T]he ADA and the PHRA… and the accompanying case law, simply do not support the recovery of punitive damages against a municipal entity such as the Central Susquehanna Intermediate Unit.") Accordingly, Plaintiff's claims for punitive damages against CSIU should be dismissed. Likewise, even if the Court does not dismiss Plaintiff's claims against CSC entirely, because CSC is a division and part of CSIU (not a separate entity), punitive damages cannot be recovered against CSC. Thus, Plaintiff's claims for punitive damages against CSC should be dismissed as well.

**C. Plaintiff's claims under Title VII, if any, should be dismissed, as Plaintiff has failed to exhaust her administrative remedies under Title VII, and there are no claims of discrimination or retaliation in Plaintiff's Complaint that fall within the purview of Title VII.**

The opening paragraph of Plaintiff's Complaint states that Plaintiff is asserting claims for alleged violations of Title VII. Notwithstanding, there are no

separate claims or causes of action set forth in the body of the Complaint alleging any particular violations of Title VII by CSIU (or CSC). Moreover, Plaintiff in pertinent part alleges that she was subjected to discrimination solely because she allegedly suffers from a disability, specifically Multiple Chemical Sensitivity. Title VII does not protect against or prohibit workplace discrimination based on an individual's disability. <u>See</u> Title VII, at 42 U.S.C. §2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.")

As well, to the extent Plaintiff intended to pursue any claims she thought she may have under Title VII, the claims are barred for the failure of Plaintiff to exhaust her administrative remedies under Title VII. It is well-settled that a plaintiff must exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission prior to filing discrimination claims under Title VII in federal court, and thus "the aggrieved party 'is not permitted to bypass the administrative process.'" <u>Webb v. City of Philadelphia</u>, 562 F.3d 256, 263 (3rd Cir. 2009). "The purpose of this administrative exhaustion requirement is to put the EEOC on notice of the plaintiff's claims and afford it the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary

action in court." Id. at 263 (internal quotations omitted). Moreover, it is equally well-settled that the scope of the resulting private civil action in the district court is "defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. at 263. Additionally, "[a] complainant may not bring a Title VII suit without having first received a right-to-sue letter." Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d. Cir. 2001).

The exhaustion requirement likewise applies to claims brought under Title VII's state-law counterpart, the PHRA. See Bailey v. Storlazzi, 729 A.2d 1206, 1214 (Pa. Super. 1999) (citing Clay v. Advance Computer Applications, 559 A.2d 917, 919 (1989)). See also Flowers v. Univ. of Pennsylvania Health Sys., 2009 U.S. Dist. LEXIS 51545, *14 (E.D. Pa. June 16, 2009) ("Before commencing a civil action under the PHRA, a party must allow the Pennsylvania Human Relations Commission (PHRC) an opportunity to investigate, and if possible, conciliate the matter…" and a plaintiff "cannot file a lawsuit until the PHRC … has been give one year to resolve the controversy."). Additionally, "invocation of the procedures set forth in the [PHRA] entails more than filing of a complaint; it includes the good faith use of procedures provided for disposition of the complaint." See Lyons v. Springhouse Corp., 1993 U.S. Dist. LEXIS 3039, *8 (E.D. Pa. Mar. 10, 1993) (internal quotations omitted).

Plaintiff's underlying administrative complaints, all of which were filed with the Pennsylvania Human Relations Commission (and cross-filed with the Equal Employment Opportunity Commission), asserted claims of discrimination and retaliation based solely on Plaintiff's alleged disability. <u>See</u> Plaintiff's Complaint, ¶3 ("Plaintiff filed a Complaint with the PHRC alleging disability discrimination. It was dually filed with the EEOC."). Conversely, there were no claims or allegations asserted in the underlying complaints wherein Plaintiff complained of discrimination and/ or retaliation based upon her race, color, religion, sex, or national origin. Thus, to the extent Plaintiff intended to assert claims under Title VII (or, by inference, the PHRA), the claims must fail and should be dismissed.

## VI.     CONCLUSION.

For the foregoing reasons, Defendants request that the Court grant their Motion for Partial Dismissal and enter an Order: (1) dismissing all claims asserted against CSC; (2) dismissing all claims for punitive damages against CSIU and CSC; and (3) dismissing any claims Plaintiff may have asserted under Title VII of the Civil Rights Act of 1964.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

DATE: August 15, 2012     BY:   */s/ Christopher J. Conrad*
Christopher J. Conrad, Esquire
I.D. No. 202348
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
(717) 651-3531
cjconrad@mdwcg.com
*Attorneys for the Defendants Center for Schools and Communities and Central Susquehanna Intermediate Unit*

## **CERTIFICATE OF SERVICE**

I, Christopher J. Conrad, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, do hereby certify that on this 15th day of August, 2012, I served a copy of the foregoing **Brief in Support of Motion for Partial Dismissal,** via ECF, as follows:

Geoffrey S. McInroy, Esquire
Owens, Barcavage & McInroy, LLC
2595 Interstate Drive, Suite 101
Harrisburg, Pennsylvania 17110


            Respectfully submitted,

            **MARSHALL, DENNEHEY, WARNER,
            COLEMAN & GOGGIN**


DATE: August 15, 2012  BY: *Christopher J. Conrad*
            Christopher J. Conrad, Esquire
            I.D. No. 202348
            4200 Crums Mill Road, Suite B
            Harrisburg, PA  17112
            (717) 651-3531
            cjconrad@mdwcg.com
            *Attorneys for the Defendants Center for
            Schools and Communities and
            Central Susquehanna Intermediate Unit*

05/928057.v1