IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET COSTELLA, | : CIVIL ACTION NO. 1:12-cv-1506 |
| Plaintiff | : JURY TRIAL DEMANDED |
| v. | : HON. JOHN E. JONES, III |
| CENTER FOR SCHOOLS AND COMMUNITIES and CENTRAL SUSQUEHANNA INTERMEDIATE UNIT, | : **ELECTRONICALLY FILED** |
| Defendants | : |

### ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT CENTRAL SUSQUEHANNA INTERMEDIATE UNIT

Defendant Central Susquehanna Intermediate Unit (CSIU or Defendant) by its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby answers the Complaint of Plaintiff Janet Costella, as modified by the Court's Order dated September 25, 2012, and in support thereof states the following:

## ANSWER TO JURISDICTION AND VENUE

1. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, it is denied that jurisdiction was appropriate in the Court of Common Pleas of Cumberland County, Pennsylvania, inasmuch as this Court has original and/or supplemental jurisdiction over the claims at issue.

2. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, it is admitted only that Plaintiff's prior place of employment was located in Cumberland County, Pennsylvania.

3. Admitted only to the extent that Plaintiff's Complaint filed with the Pennsylvania Human Relations Commission (PHRC) is a document that speaks for itself.

4. Admitted only to the extent the Notice of Right to Sue issued by the United States Equal Employment Opportunity Commission (EEOC) is a document that speaks for itself.

## ANSWER TO PARTIES

5. Defendant incorporates by reference its responses to Paragraphs 1 through 4 above as if more fully set forth at length herein.

6. Admitted upon information and belief.

7. Admitted in part; denied in part. It is admitted that the offices for the Center for Schools and Communities (CSC) is located at the address identified in this paragraph. It is specifically denied, however, that CSC is a Defendant in this matter, inasmuch as CSC was dismissed from the action by virtue of the Court's Order dated September 25, 2012.

8. Denied. The actual physical address for the CSIU is 90 Lawton Lane, Milton, Pennsylvania 17847. The CSIU no longer utilizes the Post Office box referenced in this paragraph.

## ANSWER TO FACTS

9. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied. Strict proof there is demanded, to the extent relevant. By way of further response, the CSIU was first notified of Plaintiff's diagnosis of multiple chemical sensitivity by one of its workers' compensation panel physicians on or about April 20, 2009.

10. Denied as stated. By way of further response, Plaintiff was hired by CSIU to work in the position of Administrative Assistant at the offices of CSC.

11. Denied. By way of further response, it is specifically denied that CSIU was advised by anyone, including Plaintiff, at the time of her hire that she had a known disability, or that she suffered from multiple chemical sensitivity. Strict proof of these allegations is demanded, to the extent relevant.

12. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied. Strict proof thereof is demanded, to the extent relevant.

13. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied. Strict proof thereof is demanded, to the extent relevant.

14. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required and accordingly they are denied. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, Plaintiff was unable to perform the essential functions of her position, despite the myriad reasonable accommodations that were provided to her by the CSIU.

# ANSWER TO COUNT I – AMERICANS WITH DISABILITIES ACT AS AGAINST DEFENDANT CENTRAL SUSQUEHANNA INTERMEDIATE UNIT

15. Defendant incorporates by reference its responses to Paragraphs 1 through 14 above as if more fully set forth at length herein.

16. Admitted in part; denied in part. It is admitted that Defendant employs fifty (50) or more employees. The remaining allegations set forth in this paragraph are denied as a conclusion of law.

17. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied. Strict proof there is demanded, to the extent relevant.

18. Denied. Defendant has no record of Plaintiff submitting such a request, either verbally or in writing, as alleged in this paragraph. Strict proof thereof is demanded, to the extent relevant.

19. Admitted with qualification. It is admitted only that in or around March 2007, Defendant was provided with a letter from Plaintiff's doctor stating that Plaintiff had a history of nasal congestion and shortness of breath and recommended that Defendant purchase an air purifier for Plaintiff's workspace, which Defendant did. By way of further response, in or about April 2009, Defendant determined that Plaintiff had never in fact used the air filter purchased for her in March 2007.

20. Admitted with qualification. It is admitted only that in or around March 2007, Defendant was provided with a letter from Plaintiff's doctor stating that Plaintiff had a history of nasal congestion and shortness of breath and recommended that Defendant purchase an air purifier for Plaintiff's workspace, which Defendant did. By way of further response, in or about April 2009, Defendant determined that Plaintiff had never in fact used the air filter purchased for her in March 2007.

21. Admitted to the extent Plaintiff has described some, but not all, of the reasonable accommodations that were provided to Plaintiff.

22. Admitted in part, with qualification; denied in part. Defendant's records reflect that on or about February 16, 2009 (not February 6, 2009, as is alleged), Plaintiff reported that she had a reaction after walking past the mailroom which reportedly smelled of cigarette smoke. Plaintiff filed a workers' compensation report stating she considered the incident to be an emergency and that she intended to seek medical attention. Plaintiff left the work premises and drove approximately 45 minutes away to treat with her family doctor. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and accordingly they are denied. Strict proof thereof is demanded.

23. Admitted with qualification. It is admitted that on March 24, 2009, during a cleanup in the workplace following a sprinkler leak on the third floor of the facility, Plaintiff claimed that someone sprayed a solution that caused an allergic reaction. Plaintiff sought medical treatment six days later, on March 30, 2009.

24. Admitted with qualification. It is admitted only that Plaintiff reported that she suffered an allergic reaction, which she attributed to chemicals being used during the cleanup.

25. Admitted with qualification. It is admitted that Plaintiff filed a workers' compensation claim following her alleged allergic reaction on March 24, 2009. Defendant denies the characterization that she was "forced" to file a workers' compensation claim, however.

26. Admitted in part; denied in part. It is admitted that on or about May 4, 2009 Plaintiff submitted a memorandum outlining her preferred accommodations for her purported multiple chemical sensitivity. In the same memorandum, Plaintiff acknowledged that Defendant had been accommodating her for the last three (3) years. The remaining allegations set forth in this paragraph are denied. Strict proof thereof is demanded.

27.     Admitted with qualification.  It is admitted that on or about August 17, 2009, Defendant presented Plaintiff with an expanded list of accommodations that Defendant was willing and agreeable to provide to Plaintiff.

28.     Denied.  The accommodations that were offered by Defendant to Plaintiff, up through and including the additional accommodations that were offered on August 17, 2009, were more than reasonable and adequate to accommodate Plaintiff's alleged condition.

29.     Admitted with qualification.  It is admitted that Plaintiff sent several, periodic emails to Ms. Ritter wherein she indicated that she wanted additional accommodations to those accommodations already being provided.  It is further admitted that on August 17, 2009, Ms. Ritter provided Plaintiff with an expanded list of accommodations that Defendant was willing to provide to Plaintiff, as stated above.

30.     Denied as stated.  It is specifically denied that Defendant did not provide the reasonable accommodations that were offered to Plaintiff, or that Defendant stated at or around that time that it was unwilling to consider any further reasonable requests for accommodation.

31.     Admitted in part; denied in part.  It is specifically denied that Defendant refused to provide Plaintiff with any of the accommodations that were offered to her.  It is admitted, however, that as part of the accommodation plan,

Defendant did request its employees to refrain from using strongly scented products.

32. Denied. By way of further response, Plaintiff was accommodated in that the building owner moved the cigarette ashtray from the front of the building to an area closer to the sidewalk, and designated the front of the building as a "smoke free zone." Notwithstanding, smokers were entitled to have an area in the back of the building where they were free to smoke. There were several areas designated as smoking areas and smoke free areas in the back of the building. Smoke was not capable of filling the hallway and/or the elevator in the back of the building. It is further denied there was no clean "toxic free" path to the second floor, as is alleged. Strict proof thereof is demanded.

33. Denied as stated. By way of further response, Defendant attempted to negotiate with the owner of the building to address Plaintiff's additional and continued concerns regarding smokers' use of the outside facilities; however, the owner expressed that it would be unwilling to negotiate any further changes or accommodations, as it believed it was in full compliance with what the law required.

34. Admitted in part; denied in part. It is admitted that from time to time Plaintiff was not notified of a cleaning or spraying within the building when there was an emergency and notice to employees could not be given. Otherwise,

Plaintiff was made aware of when maintenance workers would be coming around to clean with chemicals to which Plaintiff may have had a sensitivity.

35. Admitted in part; denied in part. It is admitted that Defendant contacted "911" after Plaintiff reported an attack that could not be accommodated by Defendant or its staff.

36. Denied. It is specifically denied that Defendant required Plaintiff to wear a mask of any kind. Rather, the mask was offered to Plaintiff as a reasonable accommodation; whether Plaintiff wore the mask was her decision.

37. Denied. Strict proof of the allegations set forth in this paragraph is demanded, to the extent relevant.

38. Admitted in part; denied in part. It is admitted that Defendant would not agree to allow Plaintiff to change her work schedule from 8:00 a.m.-4:00 p.m. The essential functions of Plaintiff's position required her to be at work between 9:00 a.m. and 5:00 p.m.

39. Denied. It is specifically denied that Defendant forced Plaintiff to utilize FMLA leave, or that Defendant refused to provide Plaintiff with reasonable accommodations. Strict proof thereof is demanded, to the extent relevant.

40. Denied. It is specifically denied that Defendant forced Plaintiff to use vacation time and/or unpaid leave. Strict proof thereof is demanded, to the extent relevant.

41. Denied. Strict proof of the allegations set forth in this paragraph is demanded, to the extent relevant.

42. Admitted with qualification. It is admitted that Plaintiff signed the Accommodation Plan on February 16, 2010 and May 13, 2010. Rather, Plaintiff was advised in May 2010 that Defendant was unable to provide Plaintiff with any further accommodations, and Defendant concluded that unless Plaintiff would be able to work with the accommodations that had already been provided, she lacked the ability to perform the essential functions of her position. Accordingly, Plaintiff was formally notified on May 7, 2010 that she had sixty (60) days to apply for another position with Defendant, a position which she could perform the essential functions of the position, with or without accommodation. Plaintiff made very little, if any, effort to find another position within the organization and as such, Plaintiff's employment with Defendant was terminated as of July 7, 2010.

43. Denied for the reasons more fully set forth in Paragraph 42 above.

44. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required and accordingly they are denied. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, it is specifically denied that Defendant engaged in any discriminatory conduct toward Plaintiff.

**WHEREFORE**, Defendant Central Susquehanna Intermediate Unit demands judgment in its favor and against Plaintiff, dismissing Count I of Plaintiff's Complaint in its entirety, with prejudice, together with cost of suit and such other relief as the Court may deem appropriate.

### COUNT II – AMERICANS WITH DISABILITIES ACT AS AGAINST DEFENDANT THE CENTER FOR SCHOOLS AND COMMUNITIES

45. Defendant incorporates by reference its responses to Paragraphs 1 through 44 above as if more fully set forth at length herein.

46.-60. CSC was dismissed as a party to this action by the Court's Order dated September 25, 2012. Accordingly, no response to the allegations set forth in these paragraphs is provided.

### COUNT III – THE CENTER FOR SCHOOLS AND COMMUNITIES VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT 43 P.S. §951 ET SEQ.

61. Defendant incorporates by reference its responses to Paragraphs 1 through 60 above as if more fully set forth at length herein.

62.-72. CSC was dismissed as a party to this action by the Court's Order dated September 25, 2012. Accordingly, no response to the allegations set forth in these paragraphs is provided.

# COUNT IV – CENTRAL SUSQUEHANNA INTERMEDIATE UNIT'S VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT 43 P.S. §951 ET SEQ.

73. Defendant incorporates by reference its responses to Paragraphs 1 through 72 above as if more fully set forth at length herein.

74. Admitted in part; denied in part. It is admitted that Plaintiff was an employee of the CSIU. The remaining allegations set forth in this paragraph are denied as conclusions of law.

75. Admitted in part; denied in part. It is admitted that the CSIU employs four (4) or more persons. The remaining allegations set forth in this paragraph are denied as conclusions of law.

76. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, it is specifically denied that Plaintiff was able to perform the essential functions of her position, despite the myriad reasonable accommodations that were provided to her and for her by Defendant.

77. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, it is admitted only that Plaintiff reported to Defendant that she suffered from multiple chemical sensitivity.

78. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required.

79. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied. Strict proof thereof is demanded. By way of further response, however, many of the conditions about which Plaintiff complained reportedly manifested in the workplace only.

80. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, it is specifically denied that Plaintiff was subjected to unlawful discrimination in any respect.

81. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, it is specifically denied that Plaintiff was subjected to unlawful discrimination in any respect.

82. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, it is specifically denied that Plaintiff was subjected to unlawful discrimination in any respect.

83. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required.

84. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required.

**WHEREFORE**, Defendant Central Susquehanna Intermediate Unit demands judgment in its favor and against Plaintiff, dismissing Count IV of Plaintiff's Complaint in its entirety, with prejudice, together with cost of suit and such other relief as the Court may deem appropriate.

## COUNT V – PUNITIVE DAMAGES

85. Defendant incorporates by reference its responses to Paragraphs 1 through 84 above as if more fully set forth at length herein.

86-87. Plaintiff's claim for punitive damages was dismissed by virtue of the Court's Order dated September 25, 2012, and accordingly no response is provided to these allegations.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under the ADA and/or the PHRA upon which may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has not alleged any viable cause of action against the CSIU which entitle her to relief and/or damages claim.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not legally entitled to any form of monetary relief, equitable relief, or the recovery of attorney's fees.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies on some or all of the claims as alleged.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited in accordance with the provisions of the ADA and/or PHRA as applicable. The CSIU retains the right to assert all defenses available to it under the ADA and the PHRA.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was treated in a fair, non-discriminatory manner, without reference or regard to her disabilities, known or alleged.

### EIGHTH AFFIRMATIVE DEFENSE

CSIU is entitled to all attorney's fees, costs and expenses incurred in defending this action.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the CSIU had in place policies and procedures to prevent unlawful discrimination and fully complied with its own policies and procedures, and applicable law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff was not denied any right to which she may be entitled under the ADA or the PHRA, because of her disabilities, know or alleged, or otherwise.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: *s/Christopher J. Conrad*
Christopher J. Conrad, Esquire
I.D. No. 202348
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
(717) 651-3531
cjconrad@mdwcg.com
*Attorneys for the Defendant*

Date: October 11, 2012

## CERTIFICATE OF SERVICE

I, Christopher J. Conrad, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, do hereby certify that on this 11t$^h$ day of October, 2012, I served a copy of the foregoing Answer with Affirmative Defenses**,** via electronic filing, as follows:

Geoffrey S. McInroy, Esquire
Owens, Barcavage & McInroy, LLC
2595 Interstate Drive, Suite 101
Harrisburg, Pennsylvania 17110

        BY:    *s/Christopher J. Conrad*
                  Christopher J. Conrad, Esquire
                  I.D. No. 202348
                  4200 Crums Mill Road, Suite B
                  Harrisburg, PA  17112
                  (717) 651-3531
                  cjconrad@mdwcg.com
                  *Attorney for the Defendant Central Susquehanna Intermediate Unit*