Attorney for Plaintiff:
Geoffrey S. McInroy, Esquire
2595 Interstate Drive, Suite 101
Harrisburg, Pennsylvania 17110
Phone: 717.909.2500
Fax: 717.909.2504
gsmcinroy@centralpaattorneys.com

Attorney for Defendant:
Christopher J. Conrad, Esquire
4200 Crums Mill Road
Harrisburg, Pennsylvania 17112
Phone: 717.651.3531
Fax: 717.651.9630
cjconrad@mdwcg.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JANET COSTELLA, | : CIVIL ACTION NO. 1:12-cv-1506 |
|---|---|
| | : |
| Plaintiff | : JURY TRIAL DEMANDED |
| | : |
| v. | : HON. JOHN E. JONES, III |
| | : |
| CENTER FOR SCHOOLS AND | : **ELECTRONICALLY FILED** |
| COMMUNITIES and CENTRAL | : |
| SUSQUEHANNA INTERMEDIATE | : |
| UNIT, | : |
| | : |
| Defendants | : |
| | : |

## JOINT CASE MANAGEMENT PLAN

### 1. Principal Issues

1.1    Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

Since 2002, Plaintiff suffered from multiple chemical sensitivities. On or about March 2006, the Plaintiff was hired as an administrative assistant working for the Defendant Central Susquehanna Intermediate Unit ("CSIU") at the Center for Schools and Communities ("CSC") in Camp Hill, Pennsylvania. When Plaintiff was initially hired, she notified the manager of CSC and the human resource manager at CSIU of her multiple chemical sensitivities and the accompanied symptoms (including but not limited to asthmatic reaction, loss of voice, breathing difficulty, choking, confusion, dizziness, and blurred vision. Although she was, and is, capable of performing the essential functions of her job with reasonable accommodation of working in an environment free of smoke, perfumes, scents, and chemicals, the Defendant failed to make reasonable efforts to provide the same..

In April of 2006, Plaintiff requested Defendant to limit Plaintiff's exposure to certain triggers in Plaintiff's work environment that exacerbated her condition. On or about March or February of 2007, Defendant requested confirmation of the Plaintiff's need for accommodations. Thereafter, Plaintiff produced a letter from her allergist requesting accommodations. Some accommodations were provided. On or about March 2007 and again April and August of 2009, the Defendant Employer was requested to provide Plaintiff with an air purifier with a carbon and HEPA filter in her workplace to reduce potential triggors.

The Plaintiff was given a small air purifier and a filtering mask to wear, an unenforced notice as posted for employees to refrain from using perfume in the bathroom and discontinuing the office use of strong smelling glue. Then on or about February 6, 2009, relying on the masks filter, Plaintiff accessed the mailroom by traversing a cloud of cigarette smoke, and suffered an exacerbation. Plaintiff late discovered that the mask provided by Defendant never had the filters.

Among other failings of CSIU, the Plaintiff also suffered a severe exacerbation on or about March 24, 2009 when the CSC building in Camp Hill had a malfunctioning sprinkler that required chemical cleanup. Plaintiff again suffered a severe exacerbation after being told by the Plaintiff that it was safe for her. The Plaintiff was subsequently forced to make a workers compensation claim. A doctor retained by her employer (Defendant) diagnosed her with Multiple Chemical Sensitivity. The Plaintiff on on or about May 4, 2009 requested formalized

written accommodations for her Multiple Chemical Sensitivity from her employer (Defendant). The Defendant failed to expeditiously respond and finally responded August 17, 2009.

The August 17, 2009 accommodations were woefully inadequate. Despite the Plaintiff's consistently and repeatedly reminding the Defendant of her Multiple Chemical Sensitivity in oral and written form, in was not until August 21, 2009 that Defendants formalized accommodations in an "accommodation plan". Subsequently, the "accommodation plan" was no followed and Defendants refused to make any suggested amendments or communicate with the Plaintiff about problems or issues with the "accommodation plan", simply stating on September 18, 2009 that "The accommodation plan is final".

The Defendant refused or failed to enforce the "accommodation plan" with a policy and merely suggested compliance. Defendant specifically refused to enforce a designated smoking area at least fifty (50) feet away from the CSC building and away from the back entrance, thus preventing the possibility of a clean and smoke-free path to the second floor. The Defendant further failed to work with the landlord to obtain the owner's permission or to negotiate an exception to the lease moving the smoking area at least fifty (50) feet away from the doorways and building. The Defendant also failed to notify Plaintiff when there was cleaning with chemicals or spraying of chemicals in the lobby or building of CSC.

The Defendant refused to accommodate Plaintiff by permitting her to modify her work schedule to minimize her potential exposure to chemical triggers. The Defendant refused to allow he to return to work and forced her to use FMLA (Family Medical Leave Act) time in large blocks rather than intermittently when she encountered a trigger and had an exacerbation at work. The Plaintiff was also forced to use vacation time and/or unpaid leave whenever the Plaintiff was forced to avoid the workplace due to an allergic reaction or danger of an allergic reaction to something in the workplace. Defendant also penalized Plaintiff for work missed during forced leaves.

Defendant also refused to relocate the Plaintiff to a low traffic areaor to an office work-space in an area that would reduce possible exacerbations of her Multiple Chemical Sensitivity. Defendant refused to hold open Plaintiff's job, offer an equivalent position, or reassign Plaintiff to a vacant position as a reasonable accommodation before terminating her on July 7, 2010.

Defendant discriminated against Plaintiff based on her disability by failing to preserve

confidentiality with respect to her disability, failing to uniformly apply its policies, failing to afford Plaintiff reasonable accommodations, failing to follow its own 'accommodation plan" as it had promised to do, subjecting Plaintiff to termination and/or the equivalent of termination, and subjecting her to ridicule and embarrassment from co-workers.

As a direct and proximate result of her termination and the Defendant's conduct, Plaintiff suffered physical injury, and financial injury to include professional injuries, including but not limited to damage to her professional reputation, professional development, loss of benefits (including back and front pay), loss of increase in salary, loss of potential promotions, compensatory damages from emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, aggravation of condition, costs and attorney fees.

By defendant(s):

Plaintiff was hired by the Center for Schools and Communities ("CSC"), which is a program operated by the Central Susquehanna Intermediate Unit ("CSIU"), on March 6, 2006. Plaintiff worked as an Administrative Assistant, and claims to suffer from multiple chemical sensitivity and had requested myriad accommodations for this condition since February 2007. The CSC and CSIU Human Resources Personnel worked with Plaintiff since that time in order to minimize her exposure to irritants in the workplace. Those irritants of which she complained included, but were not limited to, perfumes, cleaning detergents, latex, perfume fragrances, tobacco smoke, and burned popcorn. Plaintiff claimed that she would experience multi-symptom attacks which involved coughing or choking, losing her voice, watery eyes and difficulty breathing.

Plaintiff was granted accommodations in the nature of an air purifier for her cubicle, a ban on all employees from wearing fragrances, burning candles or using air fresheners, a ban on using the microwave for popping popcorn or cooking other foods with strong aromas, time-off as needed to recuperate from an attack, etc. She also requested, and was granted, leeway to request MSDS sheets from the landlord for all chemical solvents and cleaning products, removal of the smoking area away from the rear doors of the building where she typically entered and exited, and 48 hours advance notice from the landlord of any anticipated chemical

use in the building. Also established was a procedural system to call 911 in the event of an attack.

In May 2009, Plaintiff forwarded a separate demand for additional accommodations and myriad revisions to the existing accommodations. An attempt was made to negotiate some of those demands, but Plaintiff refused to negotiate. Plaintiff was laid off in June of 2010 after exhausting her FMLA. A series of PHRC complaints, cross-filed with the EEOC, were litigated, all of which resulted in favorable decisions for the CSIU/CSC.

1.2 The facts the parties dispute are as follows:

1.21   Whether CSIU provided Plaintiff with multiple accommodations at the workplace to ensure she was able to perform her duties while employed at CSC?

1.22   Whether the Accommodation Plan in place for Plaintiff's safety was implemented?

1.23   Whether Plaintiff's requests for accommodations were unreasonable?

1.24   Whether Plaintiff was penalized for taking leave to tend to her ailments?

1.25   Whether CSIU singled Plaintiff out due to her ailments?

1.26   Whether CSIU barred Plaintiff from returning to her position after taking leave?

1.27   Whether Plaintiff made it known she could not perform her duties with the reasonable accommodations in place?

1.28   Whether Plaintiff was given 60 days to identify a position within CSIU that she could perform under the accommodations already in effect?

1.29   Whether Plaintiff was able to identify a position within CSC or the CSIU that she could perform under the accommodations already in effect?

1.30  Whether CSIU otherwise acted in compliance with the Americans With Disability Act with respect to its actions or inactions surrounding Janet Costella.

1.31  Whether it would have been reasonable for CSIU to accommodate, rather than terminate Janet Costella.


agree upon are as follows:


1.201  Ms. Costella was an administrative assistant employed by CSIU from 2006-2010.

1.202  Ms. Costella requested and received and Accommodation Plan while employed by CSIU.

1.203  CSIU (as the employer of Janet Costella) was to abide by the ADA (Americans With Disability Act) at all relevant times.


1.3  The legal issues the parties dispute are as follows:

1.31  Whether CSIU discriminated against the Plaintiff in Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.?

1.32  Whether CSIU discriminated against the Plaintiff in violation of the Pennsylvania Human Relations Act, 42 P.S. §951, et seq.?

Agree upon are as follows:

1.34  The U.S. District Court, Middle District of Pennsylvania has original jurisdiction, because the claims involve a federal question.

1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:
   NONE

1.5 Identify any named parties that have not yet been served:

   NONE

1.6 Identify any additional parties that:

   plaintiff(s) intends to join:

   NONE AT THIS TIME

   defendant(s) intends to join:

   NONE AT THIS TIME

1.7 Identify any additional claims that:

   plaintiff(s) intends to add:

   defendant(s) intends to add:

   NONE AT THIS TIME

## 2.0 Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1  Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

> Disclosed by Christopher J. Conrad, Esquire,Attorney for Defendants:
> Name                    Title/Position

Janet Costella, Plaintiff;

Kathleen Conley, PA Statewide Afterschool/Youth Development Network Director (CSC);

Amber Carmo, Research and Evaluation Data Management Specialist (CSC);

Lynn Reinhold, Community and Systems Development Manager,;

Daniel Brant, CSC Assistant Director (retired);

James Devine, Esquire, attorney for workers and unemployment compensation claims;

Lynn Cromley, Chief Administrative Officer and Director of CSC;

Darlene Dwyer, Manager at Center for Schools and Communities;

Shelly Ritter, Human Resources Manager for Central Susquehanna Intermediate Unit;

Stephanie Thorn, Former Administrative Assistant, Current Communications Technical Support;

Janet Glogowski, Former Administrative Assistant (retired);

Sherry Duvall, Former Administrative Assistant;

David Kern, Administrative Assistant;

David Marshall, Central Susquehanna Intermediate Unit for CSC Division;
Tod Shutt, Landlord, Szeles Building and Leasing, L.P.

Disclosed by Geoffrrey McInroy, Esq. Attorney for Plaintiff:

Name                    Title/Position

Janet Costella, Plaintiff;

Kathleen Conley, PA Statewide Afterschool/Youth Development Network Director (CSC);

Amber Carmo, Research and Evaluation Data Management Specialist (CSC);

Lynn Reinhold, Community and Systems Development Manager,;

Daniel Brant, CSC Assistant Director (retired);

James Devine, Esquire, attorney for workers and unemployment compensation claims;

Lynn Cromley, Chief Administrative Officer and Director of CSC;

Darlene Dwyer, Manager at Center for Schools and Communities;

Shelly Ritter, Human Resources Manager for Central Susquehanna Intermediate Unit;

Stephanie Thorn, Former Administrative Assistant, Current Communications Technical Support;

Janet Glogowski, Former Administrative Assistant (retired);

Sherry Duvall, Former Administrative Assistant;

David Kern, Administrative Assistant;

David Marshall, Central Susquehanna Intermediate Unit for CSC Division;
Tod Shutt, Landlord, Szeles Building and Leasing, L.P.

## 3.0   Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| 12(b)(1) & (6) Motion to Partially Dismiss | Defendant | Already Filed and Granted |
| Motion for Summary Judgment | Defendant | Conclusion of Fact Discovery |

## 4.0   Discovery

4.1   Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

NONE AT THIS TIME

By defendant(s):

Request for Production of Documents and Interrogatories directed to Plaintiff will be served shortly.

4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Written documents and depositions of each party and identified witnesses.

4.21   Defendant's Counsel will depose Janet Costella.

4.23 Defendant's Counsel will defend the anticipated deposition of all CSIU representatives whose depositions are noticed.

The Defendants reserve the right to supplement this section as discovery may reveal new information and witnesses.

4.3 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects,</u> indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

NONE AT THIS TIME

4.4 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

NONE AT THIS TIME; HOWEVER, THE PARTIES RESERVE THE RIGHT TO SUPPLEMENT.

4.5 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later
modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1 depositions (excluding experts) to be taken by:

plaintiff(s):_10__      defendant(s):_10

4.5.2 interrogatories to be served by:

plaintiff(s):_25__      defendant(s):_25

4.5.3 document production requests to be served by:

plaintiff(s): _25_____     defendant(s):_ 25_

4.5.4 requests for admission to be served by:

plaintiff(s):_25_____     defendant(s):_25_

4.6    Discovery of Electronically Stored Information

Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

## 5.0    Protective Order

NONE AT THIS TIME

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

## 6.0    Scheduling

6.1    Final date for joining additional parties:

___10/30/12_____ Plaintiff(s)

_12/30/2012_____ Defendants(s)

6.2    Final date for amending pleadings:

_____ 11/30/12 _____ Plaintiff(s)

_ 12/30/2012 _____ Defendants(s)

6.3   All fact discovery commenced in time to be completed by:
_____ **4/30/13** _____ Plaintiff(s)

_ **4/30/13** _____ Defendant(s)

6.4   All potentially dispositive motions should be filed by:
_____ **6/3/13** _____ Plaintiff(s)

_ **6/3/13** _____ Defendant(s)

6.5   Reports from retained experts due:

from plaintiff(s) by _____ **5/30/13**

from defendant(s) by: **5/30/2013**

6.6   Supplementations due

_____ **2/28/13** _____ Plaintiff(s)

_ 2/28/13 _____ Defendant(s)

6.7   All expert discovery commenced in time to be completed by

_ **4/30/13** _ Plaintiff(s)

_ **4/30/13** _ Defendant(s)

6.8   This case may be appropriate for trial in approximately:

__ 240 Days from the filing of the action in this court

_**X**_ 365 Days from the filing of the action in this court

__ Days from the filing of the action in this court

6.9   Suggested Date for the final Pretrial Conference:

___ **9/3/2013** ___ Plaintiff: (month/year)

___ **9/3/2013** ___ Defendants: (month/year)

6.10  Trial

6.10.1 Suggested Date for Trial:

___ **10/2013** ___ Plaintiff: (month/year)

___ **10/2013** ___ Defendants: (month/year)

## 7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)

Plaintiff:

___ Geoffrey S. McInroy, Esquire
Name

___ Attorney for Plaintiff, Janet Costella
Title

_2595 Interstate Drive, Suite 101

_Harrisburg, PA 17110
Address

(717) 909 -2500
Daytime Telephone
Defendant:

Authority is shared by CSIU and its insurance carrier.

## 8.0 Alternative Dispute Resolution ("ADR")

8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure_____N/A

Date ADR to be commenced____N/A
Date ADR to be completed____N/A

8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:
**Plaintiff suggests Federal Mediation**

8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

N/A

## 9.0   Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:   Y_ N **X**.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

___ Scranton/Wilkes-Barre

___ Harrisburg

## 10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

## 11.0 Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:           Geoffrey S. McInroy, Esquire
                 Attorney(s) for Plaintiff(s)

            G    ECF User(s)

            G    Waiver requested (as separate document)

            G    Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:           Christopher J. Conrad, Esquire
                 Attorneys(s) for Defendant(s)

            G    ECF User(s)

            G    Waiver requested (as separate document)

            G    Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.